**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DYLAN MANN** | * | **CIVIL ACTION NO. 2:24-cv-02499** |
| | * | |
| **VERSUS** | * | **JUDGE: JANE TRICHE MILAZZO** |
| | * | |
| **ABRAHAM QURAAN AND ALAA M. SALEM** | * * | **MAGISTRATE: DONNA PHILLIPS CURRAULT** |
| | * | |

******************************************************************************

**OPPOSITION TO DEFENDANT, ALAA SALEM'S, MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**MAY IT PLEASE THE COURT:**

**BACKGROUND FACTS**

The following factual recitation is taken from witness interviews, multiple videos and photographs from the scene and post-incident law enforcement reports.

On or about October 26, 2023, Tulane University students were participating in a peaceful demonstration in support of the State of Israel at and near the north side of the intersection of McAllister Drive and Freret Street in uptown New Orleans. This demonstration was in response to a pre-planned anti-Israel protest targeted at Tulane University and its students. This protest occurred on the south side of Freret Street.

Defendant, Salem, age 36 with no connection whatsoever to Tulane University, participated in the anti-Israel protest. (Exhibit A, Photos of Alaa Salem, bates labeled MANN 0002-0005.) He brought a bullhorn. (*See,* Exhibit A, Photo of Salem, bates labeled MANN 0002.)

After the anti-Israel protest began, and sometime after Defendant Salem's arrival, co-defendant, Abraham Quraan, then age 40, arrived in an orange Toyota pick up truck with his two sons in the flatbed of the truck. Neither Salem, Quraan nor his sons have any connection to Tulane University. Quraan parked his truck at the intersection of Freret Street and McAllister Drive. He

and his sons taunted the Tulane students. (Exhibit B, video, bates labeled MANN 0031.) While one Quraan son, whose face was completely covered, waived a Palestinian flag from the truck bed, the second Quraan son produced an Israeli flag from the truck bed and further taunted the Tulane students by attempting to light the Israeli flag on fire. (Exhibit C, video, bates labeled MANN 0028.)

A Tulane student ran to the truck and tried to take the Israeli flag before it could be set ablaze. As this student attempted to grab the Israeli flag, the Quraan son holding the Palestinian flag struck the Tulane student with the flagpole. (Exhibit D, video bates labeled MANN 0029.)

Seeing this, Plaintiff ran to the truck to try to remove the Tulane student from harm's way. Co-defendant Quraan exited his truck and attacked Plaintiff from the left. He shoved Plaintiff with his body, punched and kicked Plaintiff, and ripped an Israeli flag off of Plaintiff's body. (Exhibit E, video, bates labeled MANN 0027.)

As plaintiff was defending himself from Quran's assault, Defendant Salem attacked Plaintiff from the same side and struck Plaintiff in the face with a bullhorn. (*See,* Exhibit E.) Plaintiff, bleeding from the nose, was pulled away by two female Tulane students.

Following the assault, both Salem and Quraan continued to advance toward other Tulane students. Quraan removed his belt, clearly ready to whip anyone who confronted him and verbally challenged the students. Salem also moved toward and verbally challenged the students. Both Defendants had to be physically restrained. (*See,* Exhibit E.) Both Defendants were arrested. The criminal charges are pending.

At no time prior to or after the assault did Plaintiff encounter, confront, provoke, challenge, communicate with, threaten or strike either Defendant. Indeed, he was unaware of their presence before the assault.

Simply put, this Plaintiff, wearing an Israel flag and a traditional Jewish head covering, was attacked by the Defendants because he is Jewish.

As a result of this attack, Plaintiff suffered bruises, multiple nasal fractures and significant emotional distress that continues.

Against this background, Defendant Salem alleges that Plaintiff did not pled sufficient facts to support an allegation that Salem violated La. Civ. Code Art. 2315.9. Respectfully, this is absurd on its face.

**LAW AND ARGUMENT**

Defendant, Alaa Salem, seeks dismissal of Plaintiff's cause of action under La. Civ. Code Art. 2315.9(C)(1). Pertinent portions of Art. 2315.9 are:

> A. In addition to general and special damages, a prevailing Plaintiff shall also be awarded court costs and reasonable attorney fees in the appropriate district or appellate court upon proof that the injuries on which the action is based were caused by an act of terror or terrorism resulting in injury to the person or damage to the person's property, regardless of whether the Defendant was prosecuted for his acts.
>
> C. As you used in this article, the terms shall be defined as follows:
>
> (1) "act of terror" or "terrorism" means the commission of any of the acts occurring primarily in this state as enumerated in this subparagraph, when the offender has the intent to intimidate or coherence the civilian population, influence the policy of a unit of government by intimidation or coercion, or effect the conduct of a unit of government by intimidation or coercion:
>
> (b) Intentional inflection of serious bodily injury upon a human being.
>
> (2) "terrorist" means a person who knowingly does any of the following:
>
> (a) Commits an act of terror;
>
> (b) Acts as an accessory before or after the fact, aids or abets, solicits, or conspires to commit an act of terror;
>
> (c) Lends material support to an act of terror.

In his Complaint for Damages (Rec. Doc. 1), Plaintiff pled the following:

15.

During the incident described herein, Defendants Quraan and Salem verbalized their hatred

of Jewish people. Before and after the incident, Defendant Quraan utilized social media to espouse his hatred of Israel and Jewish people, including implied threats of violence. These social media posts include harassment and threats against Plaintiff personally following the incident in suit.

16.

As a result, and in addition to the general and special damages sought as a result of the incident described herein, Plaintiff, Dylan Mann, seeks and is entitled to an award of court costs and reasonable attorneys fees from both defendants pursuant to La. Civ. Code Art. 2315.9, as the acts described herein constitute acts of terror pursuant to Article 2315.9C(1), and Plaintiff suffered intentional infliction of serious bodily injury pursuant to Article 2315.9C(1)(b) in furtherance of said acts of terror.

Defendant, Salem asserts that Plaintiff's Complaint does not satisfy Fed. R. Civ. Proc. Rule 12(c). With respect, Defendant's Motion fails on two grounds. First, Plaintiff's complaint states a claim for relief that is plausible on its face, the legal test for pleading adequacy. Second, to the extent that the language is technically insufficient, Plaintiff has good cause under Fed. R. Civ. Proc. Rule 15(a)(2) and Rule 16(b)(4) to file an amended complaint addressing Defendant's concerns.

Defendant Salem seeks relief under Fed. R. Civ. Proc. Rule 12(c), which states:

> After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings.

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Fed. R. Civ. Proc. Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon,* 922 F.3d 590, 599 (5th Cir. 2019). To survive a rule 12(c) motion, a complaint must contain sufficient factual matter, excepted as true, to state a claim to relief that is plausible on its face. *Meade v. Etoh Monitoring, L.L.C.,* 2025 U.S. App. LEXIS 11153 (5th Cir. 2025), *citing Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). The question is

whether, in the light most favorable to the Plaintiff, the complaint states a valid claim for relief. 2025 U.S. App. LEXIS 11153, *4. A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable efference that the Defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The Court's task is not to evaluate the Plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund (U.S.), L.P. v. Barkley's Bank, PLC,* 594 F.3d 383, 387 (5th Cir. 2010). While the Court should focus on the Complaint in reviewing Defendant's Motion, the Court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).

Plaintiff's Complaint satisfies La. Civ. Code Art. 2315.9A insofar as Plaintiff specifically alleges "injury to the person" in the form of bruises, nasal fractures and intentional infliction of emotional harm. (Rec. Doc. 1, par. 11.)

La. Civ. Code Art. 2315.9A further requires that the injuries be caused by an "act of terror" or "terrorism." "Act of terror" or "terrorism" is defined as "acts occurring primarily in this state as enumerated in the statute, when the offender has the intent to intimidate or coerce the civilian population… ." La. Civ. Code Art. 2315.9C(1). One of the statutorily enumerated acts is "Intentional inflection of serious bodily injury upon a human being." La. Civ. Code Art. 2315.9C(1)(b). Plaintiff's complaint states a plausible claim that Salem intentionally assaulted and seriously injured Plaintiff with the intent to intimidate or coerce the relevant civilian population - Plaintiff and Jewish Tulane students. Salem has no connection to Tulane. He physically assaulted Plaintiff. He then aggressively continued toward other Tulane students in a physically threatening manner and verbally intimidated the students, thereby coercing them into

either responding in kind or retreating in the face of his intimidation. His behavior, in word and deed, crosses the line of Constitutionally protected free speech, demonstrates complete disregard for the rule of law, and constitutes intimidation at minimum.

In sum, Salem intentionally inflected serious bodily injury upon the Plaintiff, an act enumerated in the terrorism code article. *See,* La. Civ. Code Art. 2315.9C(1)(b). Salem intimidated Plaintiff and Tulane students participating in an otherwise peaceful demonstration. This behavior fits the statutory definition of "act of terror" or "terrorism." *See,* La. Civ. Code Art. 2315.9(C)(1). Plaintiff's Complaint states a plausible claim under Art. 2315.9. It satisfies the federal court's notice pleading rule. *See, Iqbal (supra).* Defendant's Motion for Partial Judgment on the Pleadings lacks merit and therefore, should be denied.

Alternatively, and only in the event that this Honorable Court agrees with Defendant Salem, Plaintiff has filed a Motion for Leave to amend his Complaint (Rec. Doc. 19) which, if granted, renders the instant Motion moot. *See, Sandifer v. Doe,* 2025 U.S. Dist. LEXIS 39117 (E.D. La. March 5, 2025).

Respectfully submitted,

*/s/ Paul M. Sterbcow*

PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 10th day of June 2025, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties to this proceeding.

*/s/ Paul M. Sterbcow*