**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DYLAN MANN** | * | **CIVIL ACTION NO. 2:24-cv-02499** |
| | * | |
| **VERSUS** | * | **SEC. H, DIV. 2** |
| | * | |
| **ABRAHAM QURAAN AND ALAA SALEM** | * | **JUDGE: JANE TRICHE MILAZZO** |
| | * | |
| | * | **MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT** |

******************************************************************************

**MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO**
**<u>DEFENDANT ALAA SALEM'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Defendant Alaa Salem respectfully submits this reply to Plaintiff Dylan Mann's Opposition and shows:

Plaintiff has failed to allege a valid claim, so Defendant should not have to defend against it. Plaintiff correctly cites *Iqbal* and *Lone Star Fund* as to a Court's reasonable inference, and as to a Court's determination of whether a claim is legally cognizable and plausible. But despite Plaintiff's voluminous accusations, his second cause of action against Defendant Salem is neither legally cognizable nor plausible, and it must be dismissed.

**I. Plaintiff Misstates the Legal Standard and Fails to Allege a Plausible Claim Under Article 2315.9**

Setting aside for a moment the fact issues of injury and intent, we are bound to read the statute's language regarding the victim the statute seeks to protect. Article 2315.9 requires intentional infliction of serious bodily injury aimed at intimidating or coercing the *civilian population* — meaning the public at large, not a narrow group. Plaintiff's attempt to redefine "civilian population" to mean "Plaintiff and Jewish Tulane students" is a distortion unsupported by the statute or precedent. No alleged conduct by Defendant Salem, even if true, meets this standard. At worst, Plaintiff describes a protest scuffle — far from an act of terrorism. And Plaintiff

alleges no action by Defendant Salem that can be interpreted as having been directed at a "civilian population" as the statute requires. For these reasons, the second cause of action must be dismissed.

## II. Plaintiff's Allegations Lack Merit and Trivialize Terrorism

Labeling Defendant Salem's protest participation as terrorism is legally baseless, and it diminishes the seriousness of actual terrorist acts. Defendant Salem's protest against Israel's treatment of the Palestinian civilian population was motivated by Defendant's desire to *stop* terrorism. Plaintiff's claim is an overreach driven by personal grievance, not by fact or law.

Defendant Salem unequivocally opposes terrorism against any civilian population, anywhere. Indeed, accusing anyone on Freret Street that day of terrorism cheapens the suffering of actual terrorism's real victims, and it smacks of drama and self-absorption by a college-aged child. If Plaintiff is mature enough to give his time and his energy to support the State of Israel's attack on the civilian population of Gaza, then Plaintiff should learn the difference between protest and terror, and he should know that his infirm allegations have no place in this action against Defendant Salem. Plaintiff's second cause of action should be dismissed.

## III. Conclusion

Plaintiff's second cause of action fails as a matter of law and fact. For these reasons and those in Defendant's original memorandum, Defendant Salem respectfully requests the Court grant his Motion for Partial Judgment on the Pleadings and dismiss Plaintiff's cause of action under Article 2315.9, and grant such further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 12th day of June, 2025, served a copy of the foregoing pleading on all counsel for all parties via Electronic Mail and to the Court at efile-milazzo@laed.uscourts.gov.

*/s/ William Longwitz*
**WILLIAM LONGWITZ**

Respectfully submitted,
*/s/ William Longwitz*

**CASTEX ESNARD, L.L.C.**
**JIMMY A. CASTEX, JR. (#24339)**
**JOHN B. ESNARD III (#25664)**
**ASHLEY MULÉ (#30191)**
**WILLIAM LONGWITZ (#39752)**
650 Poydras Street, Suite 2415
New Orleans, Louisiana 70130
Telephone: 504.262.9880

Facsimile: 504.766.9196
Email: jcastex@castexesnard.com
jesnard@castexesnard.com
ashleym@castexesnard.com
wlongwitz@castexesnard.com
**Counsel for Defendant, Louisiana Insurance Guaranty Association**