UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DYLAN MANN | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2499 |
| ABRAHAM QURAAN, ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Before me is Plaintiff Dylan Mann's Motion for Leave of Court to File Amended Complaint for Damages. ECF No. 19. This motion was scheduled for submission on Wednesday, July 2, 2025. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, June 24, 2025. *See* E.D. La. L.R. 7.5.

Having considered the record, the submission and argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiff filed suit to recover for personal injuries sustained during a peaceful protest in support of Israel near Tulane University's campus on October 26, 2023. ECF No. 1 ¶¶ 5-9. Although Plaintiff does not believe his Complaint is deficient, he seeks to amend to cure a potential pleading defect raised for the first time by Defendants' Motions for Judgment on the Pleadings (ECF Nos. 16, 18). ECF No. 19-1 at 2. Plaintiff does not seek to add any new claims or new parties and argues he has good cause to amend in this case that is not set for trial until April 6, 2026. *Id.* at 2-3.

When a party seeks to amend after expiration of the deadline for amending pleadings set forth in the Scheduling Order, Rule 16(b) requires the party to establish "good cause" before

1

analyzing the request under Rule 15(a)(2).[1]  The Scheduling Order established a March 31, 2025,

deadline for amendments.  ECF NO. 11 at 1.  Thus, Plaintiff must establish good cause under Rule

16 before the Court may address the request under Rule 15.[2]

   The four factors relevant to determining the existence of good cause in the context of post-

deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend;

(2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and

(4) the availability of a continuance to cure such prejudice."[3]  If good cause is established, the

court then addresses the motion under Rule 15(a)(2), which specifies that the "court should freely

give leave [to amend] when justice so requires."[4]  The five relevant considerations for examination

by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2)

bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4)

undue prejudice to the opposing party; and (5) futility of the amendment.[5]  Given Rule 15(a)'s

"bias in favor of granting leave to amend," absent a "substantial reason,"[6] the court's discretion

"is not broad enough to permit denial."[7]

   In the absence of any filed opposition memoranda to Plaintiff's motion and in light of the

fact that the amendment merely corrects a potential pleading defect that was not raised before

---

[1] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[2] *Id.*

[3] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).

[4] Denial of leave to amend is reviewed for abuse of discretion.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[5] *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[6] *Id*. at 595 (citation omitted)

[7] *Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

issuance of the Scheduling Order and does not add any new claims or parties, Plaintiff has established good cause under Rule 16.  Further, there is no substantial reason to deny the request for leave to amend under Rule 15.

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the absence of prejudice, and the applicable law,

IT IS ORDERED that Plaintiff's Motion for Leave of Court to File Amended Complaint for Damages (ECF No. 19) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 19-2) into the court record.

Dated this ___2nd___ day of July, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

3