**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DYLAN MANN** | * | **CIVIL ACTION NO. 2:24-cv-02499** |
| | * | |
| **VERSUS** | * | **SEC. H, DIV. 2** |
| | * | |
| **ABRAHAM QURAAN AND ALAA SALEM** | * | **JUDGE: JANE TRICHE MILAZZO** |
| | * | |
| | * | **MAGISTRATE: DONNA PHILLIPS** |
| | * | **CURRAULT** |

*************************************************************************************

**DEFENDANT SALEM'S MEMORANDUM IN SUPPORT OF HIS**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

NOW COMES Defendant Alaa Salem ("Salem"), by and through undersigned counsel, and presents this, his memorandum in support of his Motion for Partial Summary Judgment on the Pleadings.

## I. Relevant Facts Alleged in the Amended Complaint

Plaintiff Dylan Mann filed his amended complaint on June 10, 2025 (Rec.Doc 3-1), asserting that Defendant Salem's conduct constitutes an "act of terror" under Louisiana Civil Code Article 2315.9(C)(1) (the "Act").[1] Defendant Salem answered. (Rec.Doc. 7). Mann's second cause of action fails to allege facts sufficient to state a claim as to Defendant Salem.

Article 2315.9 provides a civil remedy for injury caused by an "act of terror or terrorism," defined as the intentional infliction of serious bodily injury in Louisiana "when the offender has the intent to intimidate or coerce the civilian population, influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by intimidation or coercion." To prevail, a plaintiff must plead facts showing that a defendant acted with such specific intent. For reasons set forth below, Plaintiff Mann has not pled the facts

[1] The other cause of action alleges that Plaintiff suffered intentional infliction of serious bodily injury pursuant to La. Civ. Code. Art. 2315.

necessary to support the cause of action against Defendant Salem. Because Plaintiff cannot prevail, judgment should be rendered on this cause of action.

## II. Standard for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings once the pleadings are closed, as they are here. *Ordemann v. Livingston*, CIV. A. 06-4796, 2008 WL 2073993, at *1 (E.D. La. May 14, 2008), quoting *Warzon v. Drew*, 855 F.Supp. 1017, 1019 (E.D.Wis.1994). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6). *Id.* The purpose of a Rule 12(c) motion is to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Cascio v. State Farm Fire & Cas. Co.*, CIV.A. 11-1699, 2011 WL 5439331, at *1 (E.D. La. Nov. 9, 2011), citing *Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002).

Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Oracle Oil, LLC*, CV 18-3674, 2019 WL 13293046, at *1 (E.D. La. Apr. 15, 2019) (footnotes omitted). A court accepts all well-pleaded facts as true and construes them in the light most favorable to the plaintiff, but legal conclusions and speculative allegations are insufficient to survive dismissal. *Id.*

## III. Plaintiff Fails to State a Claim Under Article 2315.9

Plaintiff asserts two causes of action against Defendant Salem. The first alleges an intentional tortious act (striking Plaintiff) which, if proven, and without adequate justification or defense, might support relief. The second cause of action, however, alleges that Defendant Salem

committed an "act of terror" by "verbalizing hatred" and participating in a "pre-planned anti-Israel protest."

The statute requires that a defendant act with the intent to intimidate or coerce the civilian population, or to influence or affect government policy or conduct by intimidation or coercion. Plaintiff does not allege – in either his original or in his amended complaint – that Defendant Salem had any intent to intimidate or coerce the civilian population, or to influence or affect government policy or conduct by intimidation or coercion, nor does Plaintiff allege any conduct by Salem that would meet this threshold. Merely writing the words "verbalizing hatred" or noting a person's participation in a protest, without more, do not satisfy the requirements Article 2315.9. The statute clearly distinguishes between acts that are intended to terrorize, and acts that are protected under the United States and Louisiana constitutions, namely lawful assembly and freedom of expression.

Plaintiff has still not pleaded facts that – even if proven – support a claim for terrorizing a civilian population. Without allegations of the required intent element of Article 2315.9, the second cause of action against Defendant Salem must be dismissed as a matter of law.

Respectfully submitted,


_/s/ William Longwitz_
**CASTEX ESNARD, L.L.C.**
**JIMMY A. CASTEX, JR. (#24339)**
**JOHN B. ESNARD III (#25664)**
**ASHLEY MULÉ (#30191)**
**WILLIAM LONGWITZ (#39752)**
650 Poydras Street, Suite 2415
New Orleans, Louisiana 70130
Telephone: 504.262.9880
Facsimile: 504.766.9196
Email: jcastex@castexesnard.com
jesnard@castexesnard.com
ashleym@castexesnard.com
wlongwitz@castexesnard.com
**Counsel for Defendant, Alaa Salem**


**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 8th day of July 2025, served a copy of the foregoing pleading on all counsel for all parties either by:

( ) Hand Delivery ( ) Prepaid U.S. Mail
( ) Facsimile ( ) UPS/Fed. Express
( ) Certified Mail ( x ) Electronic Mail

_/s/ William Longwitz_
**William Longwitz**