UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DYLAN MANN | * | CIVIL ACTION NO.: 24-2499 |
| VERSUS | * | SECTION: H<br>JUDGE JANE TRICHE MILAZZO |
| ABRAHAM QURAAN, ET AL | * | |
| | * | MAGISTRATE: 2<br>MAG. DONNA PHILLIPS CURRAULT |

# DEFENDANT ABRAHAM QURAAN'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**MAY IT PLEASE THE COURT:**

## I. Relevant Facts Alleged in the Complaint

On October 17, 2024, the Plaintiff, Dylan Mann, filed a Complaint alleging the Defendant, Quraan, committed an "act of terror" against him under Louisiana Civil Code Article 2315.9(C)(1) (The "Act").[1] (Rec. Doc. 3-1). Defendant Quraan Answered denying the same. (Rec. Doc. 5). On May 19, 2025, Quraan filed a Motion for Partial Judgment on the Pleadings. (Rec. Doc. 18). In his Memorandum attached to his Motion Quraan alleged Mann's cause of action failed to state facts sufficient to support the "terrorism" claim under F.R.C.P. Rule 12 (c). (Rec. Doc. 18-1). In response, on July 2, 2025 Mann filed an "Amended Complaint for Damages" purportedly addressing the shortcomings in his Complaint. (Rec. Doc. 26). Mann's Amended Complaint, however, still fails to allege facts sufficient to support a claim of terrorism.

[1] The other cause of action alleges that Plaintiff suffered intentional infliction of serious bodily injury pursuant to La. Civ. Code Art. 2315.

(Rec Doc. 26).

La. Civ. Code Art. 2315.9 provides a civil remedy for injury caused by an "**Act of terror**" or "**terrorism**," "**when the offender has the intent to intimidate or coerce the civilian population, influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by intimidation or coercion**." Accordingly, in order to prevail, the plaintiff must plead facts showing that a defendant acted with specific intent to accomplish one of these objectives. For the reasons set forth below, Plaintiff Mann has not pled facts in his Amended Complaint which support this cause of action. Because Plaintiff cannot prevail, judgment should be rendered on this cause of action.

## II. Standard for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings once the pleadings are closed, as they are here. *Ordemann v. Livingston,* Civ. A. 06-4796, 2008 WL 2073993, at *1 (E.D. La. May 14, 2008), quoting *Warzon v. Drew*, 855 F.Supp. 1017, 1019 (E.D. Wis. 1994). The standard for deciding a Rule 12 (c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12 (b)(6). *Id.* The purpose of a Rule 12 (c) motion is to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Cascio v. State Farm Fire & Cas. Co.*, Civ. A. 11-1699, 2011 WL 5439331, at *1 (E.D. La. Nov. 9, 2011), citing *Great Plains Trust Co. v. Morgan Stanley Dean witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Oracle Oil, LLC,* CV 18-3674, 2019 WL 13293046, at *1 (E.D. La. April 15, 2019)

(footnotes omitted). A court accepts all well-pleaded facts as true and construes them in the light most favorable to the plaintiff, but legal conclusions and speculative allegations are insufficient to survive dismissal. *Id.*

### III. Plaintiff Fails to State a Claim Under Article 2315.9

In support of his second cause of action, ie., the "terrorism" claim, the plaintiff alleges:

> **During the incident described herein, Defendants Quraan and Salem verbalized their animus toward Jewish people. Defendant Quraan utilized social media to espouse implied threats of violence that do not constitute protected speech under the First Amendment. These social media posts include harassment and intimidation of Plaintiff personally following the incident in suit, none of which constitute protected speech under the First Amendment**. (Rec. Doc. 26, p. 5)
>
> **The intentional acts of Defendants Quraan and Salem described in Plaintiff's First Cause of Action constitute intentional infliction of serious bodily injury upon a human being under La. Civ. Code Art. 2315.9(C)(1)(b)**. (Rec. Doc. 26, ¶6).
>
> **Further, following the Defendants' intentional infliction of serious bodily injury upon and intimidation of this Plaintiff, Defendants continued to aggressively and physically approach other Tulane students. Defendant Quraan removed his belt with the intent to use it as a weapon. Both defendants had to be physically restrained from assaulting additional Tulane students**. (Rec. Doc. . 26, ¶7).
>
> **The Defendants actions evidence an intent to intimidate or coerce the Plaintiff and the Tulane students, which intimidation and coercion includes the Defendant's intentional infliction of serious bodily injury upon Plaintiff, all in violation of La. Civ. Code Art. 23159(C)(1)(b)**. (Rec. Doc. 26, ¶8).

Even accepting as true these facts, Plaintiff's allegations are conclusions, and do not provide facts which support a claim that Quraan had the intent to intimidate or coerce "the civilian population" or the "conduct" or "policy" of a "unit of government".

Assuming Quraan did verbalize animus towards Jewish people, which is denied, plaintiff's allegations of verbalized animus without identifying actual behavior or language that

could conceivable be intended to intimidate or coerce the civilian population isn't sufficient to support a claim of terrorism under La. Civ. Code Art. 2315.9.

The Plaintiff also claims Quraan used social media to "espouse implied threats of violence". If Quraan used social media to espouse violence, then state in the pleadings the actual threat made on social media. The fact that the plaintiff qualified his description of the threat in the Complaint as "implied" suggests the questionably subjective nature of this interpretation of the purported threat. The claim also fails to draw a connection between the "threat" and any intent to influence, or intimidate, or coerce civilians or the government.

Finally, the plaintiff claims that following the incident, Quraan harassed and intimidated him on social media, but once again pleads no details to support this claim. What did Quraan say? When did he say it? If it's a social media post all the details should be a click away for Mann. Ultimately, however, even if the Plaintiff could support this claim with some facts, it still fails to satisfy the terrorism statute, because the purported wrongful conduct is personal to Mann, and therefore is not meant to intimidate or coerce the civilian population, influence a policy of a unit of government, or effect the conduct of a unit of government.

The statute clearly distinguishes between acts that are intended to terrorize and acts that are protected under the United States and Louisiana constitutions, namely lawful assembly and freedom of expression.

These specific allegations in Plaintiff's Amended Complaint are conclusory and do not raise a right to relief. Without factual allegations which support an intent to intimidate, or influence or coerce, the second cause of action must be dismissed as a matter of law.

Respectfully submitted;

**GARY W. BIZAL, L.L.C.**

/s/ Gary W. Bizal
GARY W. BIZAL (La. Bar No. 1255)
4907 Magazine St
New Orleans, Louisiana 70115
(504)525-1328 Telephone * (504)525-1353 Fax
gary@garybizal.com

/s/ Emily Faye Ratner
EMILY FAYE RATNER (La. Bar No. 35289)
8428 Sycamore St.
New Orleans, La. 70118
(216) 978-1395 Telephone
msemilyfaye@gmail.com

*Attorneys for Defendant, Abraham Quraan*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this case or mailed to those parties not enrolled in electronic filing.

/s/ *Gary W. Bizal*
**GARY W. BIZAL**