**fUNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DYLAN MANN** | * | **CIVIL ACTION NO. 2:24-cv-02499** |
| | * | |
| **VERSUS** | * | **JUDGE: JANE TRICHE MILAZZO** |
| | * | |
| **ABRAHAM QURAAN AND ALAA M. SALEM** | * * | **MAGISTRATE: DONNA PHILLIPS CURRAULT** |
| | * | |

**************************************************************************

**<u>OPPOSITION TO DEFENDANT, ALAA M. SALEM'S, MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

**MAY IT PLEASE THE COURT:**

This matter arises out of the intentional assault of Plaintiff, Dylan Mann, on Freret Street on October 26, 2023. Detailed facts are stated in Plaintiff's original opposition brief (Rec. Doc. 20).

Plaintiff now opposes Defendant, Alaa M. Salem's (Salem) second attempt to dismiss his cause of action under La. Civ. Code Art. 2315.9, imposing liability for damages caused by acts of terror. Defendant's first attempt to obtain a judgment on the pleadings (Rec. Doc. 16) was denied as moot (Rec. Doc. 27) following the filing of Plaintiff's Amended Complaint for Damages (Rec. Doc. 26). Salem now contends that Plaintiff's Amended Complaint (Rec. Doc. 26) does not meet federal minimum notice pleading requirements with respect to the terrorism cause of action and therefore must be dismissed.

**<u>APPLICABLE LAW</u>**

Defendant, seeks dismissal of Plaintiff's second cause of action brought under La. Civ. Code Art. 2315.9(C)(1). Pertinent portions of Art. 2315.9 are:

> A. In addition to general and special damages, a prevailing Plaintiff shall also be awarded court costs and reasonable attorney fees in the appropriate district or appellate court upon proof that the injuries on which the action is based were caused by an act of terror or terrorism resulting in injury to the person or damage to the person's property, regardless of whether the Defendant was prosecuted for his acts.

C. As you used in this article, the terms shall be defined as follows:

(1) "act of terror" or "terrorism" means the commission of any of the acts occurring primarily in this state as enumerated in this Subparagraph, when the offender has the intent to intimidate or coherence the civilian population, influence the policy of a unit of government by intimidation or coercion, or effect the conduct of a unit of government by intimidation or coercion:

(b) Intentional inflection of serious bodily injury upon a human being.

(2) "Terrorist" means a person who knowingly does any of the following:

(a) Commits an act of terror;

(b) Acts as an accessory before or after the fact, aids or abets, solicits, or conspires to commit an act of terror;

(c) Lends material support to an act of terror.

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Fed. R. Civ. Proc. Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon,* 922 F.3d 590, 599 (5 Cir. 2019). To survive a rule 12(c) motion, a complaint must contain sufficient factual matter, excepted as true, to state a claim to relief that is plausible on its face. *Meade v. Etoh Monitoring, L.L.C.,* 2025 U.S. App. LEXIS 11153 (5 Cir. 2025), *citing Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). The question is whether, in the light most favorable to the Plaintiff, the complaint states a valid claim for relief. 2025 U.S. App. LEXIS 11153, *4. A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable efference that the Defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The Court's task is not to evaluate the Plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund (U.S.), L.P. v. Barkley's Bank, PLC,* 594 F.3d 383, 387 (5 Cir. 2010). While the Court should focus on the Complaint in reviewing Defendant's Motion, the Court can also consider documents referenced in and central to a party's claims, as well as matters of which

it may take judicial notice. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5 Cir. 2000).

**ARGUMENT**

Salem again alleges that Plaintiff has not pled Salem's intent to intimidate or coerce the civilian population, a requirement under Article 2315.9. (*See,* Rec. Doc. 28-3, p. 3 of 3). According to Salem, "merely writing the words 'verbalizing hatred' or noting a person's participation in a protest, without more, do not satisfy the requirements…" (*Id.*)

Respectfully, Salem misstates the Amended Complaint. Plaintiff alleges that Defendant, Salem, specifically verbalized his animus toward Jewish people with specific intent to intimidate. (Rec. Doc. 26, p. 2 of 4, ¶ 5). This places the Defendant on notice that he is accused of intending to intimidate or coerce both Plaintiff and his fellow Tulane students. Indeed, the words "verbalizing hatred" objectively display an intent to intimidate. Plaintiff is not required to plead further. Yet, Plaintiff then states "Further, following the Defendants' intentional infliction of bodily injury upon and intimidation of this Plaintiff, Defendants continued to aggressively and physically approach other Tulane students. … both Defendants had to be physically restrained from assaulting additional Tulane students." (*Id.*)

Plaintiff's allegation that Salem had to be physically restrained from assaulting Tulane students after he verbally threatened them and violently struck Plaintiff in the nose with a bullhorn is more than sufficient to support an allegation of intent to intimidate.[1] One wonders what conduct is required to meet Salem's subjective definition of intimidation if the behaviors described in the Complaint and Amended Complaint do not suffice.

---

[1] According to Merriam-Webster, "intimidate" is a transitory verb meaning "to make timid or fearful: to compel or deter by or as if by threats." https://www.merriam-webster.com/dictionary/intimidate.

Although Salem argues that Plaintiff has not met the notice pleading requirement to state a cause of action under Article 2315.9, he does not describe why he has not been placed on notice by these pleadings. He mischaracterizes intentional infliction of physical harm and verbal and physical acts of intimidation with what he labels lawful assembly and freedom of expression protected under the United States and Louisiana Constitutions. Setting aside the obvious absurdity of this position, a Rule 12(c) motion is not the appropriate vehicle to argue First Amendment issues, or whether the Defendant's conduct is adequate to satisfy Plaintiff's proof burden. Rule 12(c) does not involve litigation of the merits. The only question to be answered here is, does Plaintiff's Complaint and Amended Complaint contain sufficient factual matter, accepted by the Court as true, to state a claim to relief under Article 2315.9, that is plausible on its face? If Plaintiff is able to prove by a preponderance of the evidence that Salem verbally threatened and physically intimidated Plaintiff and his fellow Tulane students in addition to assaulting Plaintiff with a bullhorn as alleged in his Amended Complaint, a jury can (and likely will) find in Plaintiff's favor on this cause of action based on the plain meaning of the statutory language.[2]

## CONCLUSION

In the end, to the extent Salem has an issue, it is with the Louisiana legislature, not this Plaintiff. Plaintiff's Complaint and Amended Complaint track the statutory language and plead factual content allowing a fact finder to draw a reasonable inference that Salem is liable for intent to intimidate the civilian population through intentional inflection of serious bodily injury (and verbal threats of harm) upon a human being. La. Civ. Code Art. 2315.9C(1)(b). If, at the completion of discovery, Plaintiff has insufficient material facts supporting his allegations, then

[2] *See, Settoon Towing, LLC v. Shelley,* 2024 U.S. App. LEXIX 18254 (5 Cir. 2024), where Defendants' Rule 12(c) dismissal was affirmed. The Court was able to infer only a mere possibility of misconduct by each of the eighteen defendants because the Complaint did not nudge the negligence claims "across the line from conceivable to plausible." *Id.* at *8,

Salem can seek dismissal of this cause of action under Fed. R. Civ. Proc. Rule 56. In the meantime, Plaintiff has the right to proceed and the right to prove his allegations as sufficiently pled.

Wherefore, based on the foregoing, Plaintiff respectfully asks that this Honorable Court to deny Defendant Salem's second Motion for Partial Summary Judgment on the Pleadings.

Respectfully submitted,

*/s/ Paul M. Sterbcow*

PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 9th day of September 2025, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties to this proceeding.

*/s/ Paul M. Sterbcow*