**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DYLAN MANN** | * | **CIVIL ACTION NO. 2:24-cv-02499** |
| | * | |
| **VERSUS** | * | **SEC. H, DIV. 2** |
| | * | |
| **ABRAHAM QURAAN AND ALAA SALEM** | * | **JUDGE: JANE TRICHE MILAZZO** |
| | * | |
| | * | **MAGISTRATE: DONNA PHILLIPS CURRAULT** |
| | * | |

**************************************************************************

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION**
**<u>FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

NOW COMES Defendant Alaa Salem ("Salem") and respectfully submits this Reply Memorandum in Support of his Motion for Partial Judgment on the Pleadings seeking dismissal of Plaintiff's second cause of action. Plaintiff's opposition confirms his failure to plead the statutory elements of an actionable "act of terror" under Louisiana law. Because Plaintiff has not and cannot plead the required intent, dismissal is proper.

**I. Dismissal Is Proper at the Pleading Stage.**

Plaintiff's assertion that the Court must defer dismissal until after discovery is misinformed. Rule 12(c) exists to weed out claims that are legally defective on their face. Allowing discovery on a non-viable terrorism claim would improperly expand Article 2315.9, exposing ordinary tort disputes to statutory penalties and fee-shifting reserved for true acts of terror. If Plaintiff later uncovers facts plausibly showing terrorism, he may seek leave to amend. But on the pleadings as they stand, Count II fails as a matter of law and should, in fairness and under the law, be dismissed now.

**II. Plaintiff's Opposition Does Not Allege Specific Terroristic Intent.**

Supreme Court precedent requires factual allegations that plausibly establish each statutory element. *Iqbal*, 556 U.S. at 681; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). That includes

the required element of specific intent. Plaintiff fails this standard. At most, Plaintiff alleges a private dispute, not any conduct aimed at coercing the civilian population or government. To allow such claims would collapse the line between individual altercations and terrorism, an outcome inconsistent with statutory language, legislative intent, and basic logic. It cannot be allowed.

**III. Conclusory Allegations are Insufficient.**

In pleadings, conclusory labels do not substitute for factual allegations. That is just what Plaintiff offers: conclusory labels, not alleged facts. Plaintiff asserts – astonishingly – that Salem's "verbalizing hatred objectively displays intent to intimidate." On what possible basis does Plaintiff assert that? And on what authority does Plaintiff assert it? Plaintiff's words are not a factual allegation, as Rule 8 requires; they are a mere legal conclusion. Courts have made clear that bald conclusory labels — such as "intent to intimidate" — cannot substitute for factual allegations demonstrating that the legal threshold has been met. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The amended complaint identifies no operative fact suggesting Salem sought to terrorize the public or influence government actions — requirements central to Article 2315.9. Plaintiff's bare conclusions and speculative rhetoric cannot sustain a claim at the pleading stage.

**IV. Protected Expression is Not Terrorism.**

Dissent is not terrorism. Plaintiff relies on Defendant Salem's alleged participation in a protest, and claims that this alone shows intent to intimidate the civilian population. That is a dangerous conflation, and it deserves special scrutiny before the Court allows it to advance in the pleadings. The Louisiana statute was precisely and obviously drafted to preserve constitutionally protected protest and to punish *only* conduct aimed at coercing the public or government through fear. Attendance at a demonstration, absent allegations of specific coercive intent, cannot transform ordinary protest or even alleged assault into terrorism. This dividing line is critical to preserving

assembly and free speech rights in a democracy. Adopting Plaintiff's theory would chill the rights of assembly and expression by equating protected speech with terrorism. This cannot happen.

**V. Plaintiff Conflates Assault with Statutory Terrorism.**

Plaintiff attempts to recast ordinary alleged torts – verbal hostility, an alleged assault, and a confrontational approach – as "terrorism" under La. Civ. Code art. 2315.9. But that's wrong, because the statute requires more. The statute requires intentional infliction of serious bodily injury accompanied by a terroristic purpose to intimidate or coerce the civilian population, or to influence or affect the policy or conduct of a unit of government by intimidation or coercion. Claims that might support tort liability do not meet this heightened requirement. Plaintiff's effort to expand terrorism to cover private disputes strips Article 2315.9 of meaning and extends it far beyond the legislature's intent. It is clear (and understandable, to a degree) that Plaintiff has added this count so he can try to boot-strap his attorney's fees. However, stripped of Plaintiff's "terrorism" canard, this case probably does not even belong in federal court.

For these reasons, and for the reasons set forth in Defendant's Motion, Plaintiff's allegations do not state an "act of terror" under La. Civ. Code art. 2315.9. Defendant Salem respectfully requests that this Court grant Defendant Salem's Motion for Partial Judgment on the Pleadings and dismiss Plaintiff's second cause of action.

Respectfully submitted,
*/s/ William Longwitz*
**CASTEX ESNARD, L.L.C.**
**WILLIAM LONGWITZ (#39752)**
**JIMMY A. CASTEX, JR. (#24339)**
650 Poydras Street, Suite 2415
New Orleans, Louisiana 70130
Telephone: 504.262.9880
Facsimile: 504.766.9196
Email: wlongwitz@castexesnard.com
jcastex@castexesnard.com
**Counsel for Defendant Alaa Salem**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 15th day of September, 2025, served a copy of the foregoing pleading on all counsel for all parties by email and via the Court's electronic filing system.

*/s/ William Longwitz*
**WILLIAM LONGWITZ**