UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DYLAN MANN**                                                       **CIVIL ACTION**

**VERSUS**                                                           **NO: 24-2499**

**ABRAHAM QURAAN ET AL.**                                            **SECTION "H"**

## ORDER AND REASONS

Before the Court are Defendant Abraham Quraan and Alaa Salem's Motions for Judgment on the Pleadings (Docs. 28, 30). For the following reasons, the Motions are **DENIED**.

## BACKGROUND

Plaintiff Dylan Mann, an undergraduate student at Tulane University, alleges that on October 26, 2023, he participated in a demonstration in support of Israel in uptown New Orleans in response to a pre-planned anti-Israel protest. He alleges that the anti-Israel protest was organized by non-Tulane students and specifically targeted Tulane due to the significant number of Jewish students enrolled there. Plaintiff alleges that during the protest Defendant Abraham Quraan drove back and forth in his vehicle between the two protests in order to cause a disturbance or provoke the Tulane students. At some point, Defendant Quraan exited his vehicle, violently assaulted Plaintiff, and ripped an Israeli flag off of Plaintiff's body. Defendant Alaa

1

Salam allegedly joined in the attack and struck Plaintiff with a bullhorn. Plaintiff alleges that the Defendants verbally expressed hate for Jewish people during the incident. After assaulting Plaintiff, Defendants allegedly continued to aggressively approach other Tulane students and Quraan removed his belt with the intent to use it as a weapon. Plaintiff also alleges that, after the incident, Defendants utilized social media to "espouse implied threats of violence" toward Jewish people and Plaintiff personally. Plaintiff brings an intentional tort claim under Louisiana Civil Code article 2315 and an act of terror claim under Louisiana Civil Code article 2315.9. Defendants have each separately moved for a judgment on the pleadings dismissing Plaintiff's act of terror claim. Plaintiff opposes.

## **LEGAL STANDARD**

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial.[1] The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[2] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and

---

[1] FED. R. CIV. P. 12(c) (2014).
[2] Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).
[3] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[4] *Id.*

must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

Plaintiff brings an act of terror claim pursuant to Louisiana Civil Code article 2315.9, which provides that:

> In addition to general and special damages, a prevailing plaintiff shall also be awarded court costs and reasonable attorney fees in the appropriate district or appellate court upon proof that the injuries on which the action is based were caused by an act of terror or terrorism resulting in injury to the person or damage to the person's property, regardless of whether the defendant was prosecuted for his acts.

The article goes on to define "act of terror" or "terrorism" as, relevant here, the "[i]ntentional infliction of serious bodily injury upon a human being" occurring

---

[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 678.
[7] *Id.*
[8] *Lormand*, 565 F.3d at 255–57.
[9] Jones v. Bock, 549 U.S. 199, 215 (2007).
[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

"when the offender has the intent to intimidate or coerce the civilian population, influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by intimidation or coercion." Defendants argue that Plaintiff has not plausibly alleged a claim under this article. Specifically, they contend that Plaintiff has not adequately pleaded the intent element and that the Complaint lacks sufficient factual detail to support an act of terror claim.

"A complaint may allege knowledge and intent generally, though it must still contain factual support making the plaintiff's claims plausible."[11] While this Court agrees with Defendants that the Complaint is lacking in detail, it must view the allegations in the light most favorable to Plaintiff and finds that he has alleged sufficient facts for his act of terror claim to survive this stage of litigation. Plaintiff generally alleges that Defendants' actions were intended to intimidate or coerce Plaintiff and the other Tulane students at the protest. He alleges that Defendants' presence at the pro-Israel demonstration was for the purpose of inciting or provoking the Tulane students. According to the Complaint, Defendants violently attacked Plaintiff without warning and acted aggressively toward other students while spewing hatred toward Jewish people. These acts could reasonably be seen as intending to intimidate or threaten the students, prevent them from protesting or supporting Israel, and chill their freedom of speech and assembly. The Court notes that article 2315.9

---

[11] United States v. Medoc Health Servs., LLC, 470 F. Supp. 3d 638, 656 (N.D. Tex. 2020); FED. R. CIV. P. 9 ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

4

is broadly worded, and there is no case law interpreting its meaning. However, the facts as pleaded sufficiently allege that Defendants acted with intent to intimidate the civilian population.

## **CONCLUSION**

For the foregoing reasons, the Motions for Judgment on the Pleadings are **DENIED**.

New Orleans, Louisiana this 8th day of October, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**